1  OFFICE OF THE GENERAL COUNSEL
   ERIC M. ALDERETE (CA Bar No. 199565)
2  eric.alderete@usbank.com
   U.S. BANK, NATIONAL ASSOCIATION
3  3121 Michelson Drive, Suite 500
   Irvine, CA  92612
4  Tel.   (949) 798-6781
   Fax.   (949) 798-4258
5
6  RICK D. NAVARRETTE (CA Bar No. 122653)
   rnavarrette@adorno.com
7  NANETTE .B BARRAGAN (CA Bar No. 240116)
   nbarragan@adorno.com
8  ADORNO YOSS ALVARADO & SMITH
   A Professional Corporation
9  633 W. Fifth Street, Suite 1100
   Los Angeles, CA 90071
10 Tel.   (213) 229-2400
   Fax.   (213) 229-2499

11 Attorneys for Defendants
   U.S. BANK, NATIONAL ASSOCIATION, Successor in
12 interest to the Federal Deposit Insurance Corporation as
   Receiver for PFF Bank & Trust, formerly known as
13 Pomona First Federal, N.A. and FCI Lender Services, Inc.

14              **UNITED STATES DISTRICT COURT**

15            **CENTRAL DISTRICT OF CALIFORNIA**

16

| 17 | OPERATION TAKE BACK AMERICA, INC | Case No. CV10-2737-GW (SHx) |
|---|---|---|
| 18 | KAREN ZICCARDI, | Hon. George H. Wu – Ctrm. 10 |
| 19 | Plaintiffs, | |
| 20 | v. | **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 21 | PFF BANK & TRUST, POMONA FINANCIAL SERVICE INC, FCI | |
| 22 | LENDER SERVICES, INC, US BANK NATIONAL ASSOCIATION, | |
| 23 | SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE | |
| 24 | CORPORATION AS RECEIVER FOR POMONA FIRST FEDERAL, RE/MAX | **DATE:**   **May 27, 2010 [Reserved]** |
| 25 | COLLEGE PARK, RICK ROBLES and all Successors in interests sued herein as | **TIME:**   **8:30 a.m.**  **CRTRM:**   **"10" – Spring Street** |
| 26 | Does 1-XX, Inclusive, | |
| 27 | Defendants. | **Action Filed:**   **March 12, 2010** [LASC Case No. BC433695] |
| 28 | | |

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2

  **NOTICE IS GIVEN** that on May 27, 2010, at 8:30 a.m. in Courtroom "10" of

3

the above-entitled Court located at 312 N. Spring Street, Los Angeles, California

4

90012, Defendants U.S. Bank, National Association, Successor in interest to the

5

Federal Deposit Insurance Corporation as Receiver for Pomona First Federal,

6

formerly known as Pomona First Federal, N.A. ("U.S. Bank") and FCI Lender

7

Services, Inc. (collectively "Defendants"),  will move the court to dismiss the action

8

without leave to amend, pursuant to Federal Rules of Civil Procedure ("FRCP")

9

§12(b)(6) on the grounds that the Complaint of plaintiffs Operation Take Back

10

America, Inc. ("OPTBA")[1] and Karen Ziccardi ("Plaintiff-Borrower") (collectively

11

"Plaintiffs") fail to state a claim upon which relief can be granted.  This motion is

12

based on the following grounds:

13

  1.    Plaintiffs' first claim for "Declaratory Relief" fails to state facts sufficient

14

to constitute a claim for relief pursuant to FRCP 12(b)(6).

15

  2.    Plaintiffs' second claim for "Fraud" fails to state facts sufficient to

16

constitute a claim for relief pursuant to FRCP 12(b)(6).

17

  3.    Plaintiffs' third claim for "Tortuous Violation of RESPA" fails to state

18

facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

19

  4.    Plaintiffs' fourth claim for "Reformation" fails to state facts sufficient to

20

constitute a claim for relief pursuant to FRCP 12(b)(6).

21

  5.    Plaintiffs' fifth claim for "Quiet Title" fails to state facts sufficient to

22

constitute a claim for relief pursuant to FRCP 12(b)(6).

23

24

  [1]   Plaintiff Operation Take Back America, Inc is neither a borrower under the

25

Subject Loan nor an owner of title to the Subject Property.  Instead, Plaintiff-Borrower
executed Short Form Deed of Trust and Assignment of Rents on or about March 5,

26

2010 (the "2010 DOT") naming Nana Baidoobonso-Iam ("Nana") individually as
beneficiary.  OPTBA is not named as a beneficiary under the 2010 DOT.  In addition,

27

the 2010 DOT was recorded several months after the Subject Property had been sold at
U.S. Bank's foreclosure sale.  In addition, the 2010 DOT was conveniently recorded just

28

days prior to the filing of the instant action on March 10, 2010.

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

6.      Plaintiffs' sixth claim for "Violation of Business & Professions Code §17200" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

7.      Plaintiffs' seventh claim for "Violation of California Civil Code § 2923.6" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

8.      Plaintiffs' eighth claim for "Violations of § 1788.17 of the FDCPA" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

9.      Plaintiffs' ninth claim for "Violations of Civil Code § 41572" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

10.     Plaintiffs' tenth claim for "Injunctive Relief Against Defendants" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

11.     Plaintiffs' eleventh claim for "Violation of 15 U.S. C. § 1601 TILA" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

12.     Plaintiffs' twelfth claim for "Violation of 12 U.S. C. § 62605 RESPA" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

13.     Plaintiffs' thirteenth claim for "GAAP 12 U.S.C. § 1831 n(2)(A)" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

14.     Plaintiffs' fourteenth claim for "Violation of 15 U.S. C. § 41611" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

///

///

///

///

///

///

///

///

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)

2045208.3

1

2

The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice, and the pleadings and papers filed.

3

4

Respectfully submitted,

5

DATED: April 21, 2010

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

6

7

8

By: ___/s/ Nanette B. Barragan_____
RICK D. NAVARRETTE
NANETTE B. BARRAGAN

9

10

11

12

13

Attorneys for Defendants
U.S. BANK, NATIONAL
ASSOCIATION, Successor in interest to
the Federal Deposit Insurance Corporation
as Receiver for PFF Bank & Trust,
formerly known as Pomona First Federal,
N.A. and FCI Lender Services, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)

2045208.3

# **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

**I.**   SUMMARY OF ARGUMENT ......................................................................... 1

**II.**   RELEVANT FACTS ................................................................................... 4

**III.**   STANDARD FOR A MOTION TO DISMISS. ............................................ 5

**IV.**   PLAINTIFFS HAVE NOT DEMONSTRATED THAT THEY HAVE A SINGLE VIABLE CLAIM AGAINST U.S. BANK. ..................................... 5

    **A.**   Plaintiffs Do Not, and Cannot, Plead Facts Showing They Are Entitled to the Declaratory Relief They Seek ..................................... 5

    **B.**   A Foreclosing Beneficiary under a Deed of Trust is Not Required to have Possession of the Original Promissory Note ........................... 9

    **C.**   Plaintiffs' Second Claim for Fraud Fails to Allege the Required Factual Specificity ................................................................................. 10

    **D.**   Plaintiffs' Third and Twelfth Claims for Relief for Violation of RESPA 12 USC § 2607(b) and RESPA 12 U.S.C. § 2605, Respectively, Fail to Contain Facts Showing Actual Damages And They are Time Barred ............................................................................. 14

    **E.**   Plaintiffs' Fourth Claim for Relief for Reformation Based on Fraud Also Fails to Allege Facts with the Required Specificity. ................... 16

    **F.**   Plaintiffs Fail to, and Cannot, State a Viable Claim for Quiet Title ... 17

    **G.**   Plaintiffs' Sixth Claim For Alleged Unfair Business Practices Fails Because It Does Not Allege Unlawful or Unfair Conduct ................... 18

    **H.**   Plaintiffs' Seventh Claim For Breach of Civil Code § 2923.6 Lacks Merit Because The Statute Does Not Apply to Borrowers' Claims Like Plaintiffs' and There Is No Private Right Of Action Available For Alleged Violation Of That Statute .................................................. 19

    **I.**   Plaintiffs' Eighth Claim for Violation of California Civil Code §1788.17 Fails Because Foreclosure Upon a Property Is Not An FDCPA Debt Collection ...................................................................... 20

    **J.**   Plaintiffs' Ninth Claim for Violations of Civil Code Section 1572 For Fraud Fail For Lack of Specificity ................................................ 21

    **K.**   Plaintiffs' Tenth Claim for Injunctive Relief Fails to State a Basis for the Injunctive Relief They Seek, Which Request is Nonetheless Moot ...................................................................................................... 22

    **L.**   Plaintiffs' Eleventh Claim Based on Truth in Lending Statue Fails ... 22

    **M.**   Plaintiffs' Thirteenth Claim Based on GAAP Is Not a Claim That May Be Brought By Plaintiffs ............................................................. 23

    **N.**   Plaintiff's Fourteenth Claim for alleged violations of 15 U.S.C. §1611 Fail ........................................................................................... 24

**V.**   CONCLUSION ......................................................................................... 24

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

i

# <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Ach v. Finkelstein*
264 Cal.App.2d 667 (1968) ........................................................................ 10

*Ackerman v. Northwestern Mut. Life Ins. Co.*
172 F.3d 467 (7th Cir. 1999) ...................................................................... 11

*Adler v. Newman*
109 Cal. 42 (1895) ...................................................................................... 13

*Alturas v. Gloster*
16 Cal.2d 46 (1940) ...................................................................................... 6

*Ashcroft v. Iqbal*
129 S.Ct. 1937 (2009) ........................................................................... 5, 17

*Ball v. FleetBoston Financial Corp.*
164 Cal.App.4th 794 (2008) ......................................................................... 6

*Barr, In re*
188 B.R. 565 (Bkrtcy. N.D.Ill., 1995) ........................................................ 10

*Bell Atlantic v. Twombly*
550 U.S. 544 (2007) .............................................................................. 5, 17

*Bess v. Park*
132 Cal.App.2d 49 (1955) ............................................................................ 6

*Brown v. Rea*
150 Cal. 171 (1907) .................................................................................... 22

*Camp v. Board of Supervisors*
123 Cal.App.3d 334 (1981) ........................................................................ 22

*Cardellini v. Casey*
181 Cal.App.3d 389 (1986) .......................................................................... 6

*Conley v. Gibson*
355 U.S. 41 (1957) ...................................................................................... 11

*Davis v. Werne*
673 F.2d 866 (5th Cir. 1982) ...................................................................... 23

*Desaigoudar v. Meyercord*
223 F.3d 1020 (9th Cir. 2000) .................................................................... 10

*Emry v. Visa International Service Ass'n,*
95 Cal.App.4th 952 (2002) ......................................................................... 19

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

ii

2045208.3

# <u>TABLE OF AUTHORITIES</u>

Page(s)

*FTC v. Check Investors, Inc.*,
  502 F.3d 159 (3d Cir. 2007) ......................................................................... 21

*Grodensky v. Artichoke Joe's Casino*
  171 Cal.App.4th 1399 (2009) ...................................................................... 20

*Heinemann v. Jim Walter Homes, Inc.*,
  47 F.Supp.2d 716 (D.W.Va.1998) ............................................................... 20

*Hill Trans. Co. v. Southwest Forest Industries Inc.*
  266 Cal.App.2d 702 (1968) .......................................................................... 11

*Hohn v. Riverside County Flood Control and Water Conservation District*,
  228 Cal.App.2d 605 (1964) .................................................................... 17, 18

*Homestead Sav. v. Darmiento*
  230 Cal. App. 3d 424 (1991) ....................................................................... 14

*Hutchinson v. Delaware Sav. Bank FSB*,
  410 F.Supp.2d 374 (D.N.J. 2006) ............................................................... 15

*Hutchinson v. Delaware Sav. Bank FSB*,
  410 F.Supp.2d 374 (D.N.J. 2006) ................................................................. 8

*Khoury v. Maly's of California*
  14 Cal.App.4th 612 (1993) .......................................................................... 19

*King v. State of California*
  784 F.2d 910 (9th Cir. 1986) ....................................................................... 23

*Lee v. City of Los Angeles*
  250 F.3d 668 (9th Cir. 2001) ......................................................................... 4

*Mack v. South Bay Beer Distributors, Inc.*
  798 F.2d 1279 (9th Cir. 1986) ....................................................................... 4

*Moeller v. Lien*
  25 Cal. App. 4th 822 (1994) ................................................................... 13, 14

*Navarro v. Block*
  250 F.3d 729 (9th Cir. 2001) ......................................................................... 5

*Nool v. Home Servicing*,
  653 F. Supp.2d 1047 (E.D. Cal. 2009) ..................................................... 9, 20

*Ochs v. PacifiCare of California*
  (2004) 115 Cal.App.4th 782, 9 Cal.Rptr.3d 734 ......................................... 7

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

iii

# <u>TABLE OF AUTHORITIES</u>

Page(s)

*People v. McKale*
  25 Cal.3d 626 (1979) .......................................................................................... 19

*Perry v. Stewart Title Co.,*
  756 F.2d 1197 (5th Cir. 1985) .......................................................................... 21

*Santens v. Los Angeles Finance Co.*
  91 Cal. App.2d 197 (1949) ................................................................................ 13

*Semegen v. Weidner*
  780 F2d 727 (9th Cir. 1985) .............................................................................. 11

*Shalal v. Fireman's Fund Ins. Companies*
  46 Cal.3d 287 (1988) ........................................................................................ 20

*Shell Oil Co. v. Richter*
  52 Cal.App.2d 164 (1942) ................................................................................. 22

*Slack v. Fair Isaac Corp.*
  390 F.Supp.2d 906 (N.D. Cal. 2005) ................................................................ 10

*Tiburon v. Northwestern Pacific Railroad Co.*
  4 Cal. App. 3d 160 (1970) .................................................................................. 6

*Veal v. First Am. Sav. Bank*
  914 F.2d 909 (7th Cir.1990) .............................................................................. 10

*Vess v. Ciba–Geigy Corp. USA*
  317 F.3d 1097 (9th Cir. 2003) ..................................................................... 10, 11

*Vikco Ins. Services, Inc. v. Ohio Indemnity Co.*
  70 Cal.App.4th 55 (1999) ................................................................................. 20

*Williams v. WMX Technologies, Inc.*
  112 F.3d 175 (5th Cir. 1997) ............................................................................ 11

**Statutes**

12 U.S.C. § 1831 .................................................................................................... 24

12 U.S.C. § 1831n(2) ............................................................................................. 23

12 U.S.C. § 1833(a)(e) ........................................................................................... 23

12 U.S.C. § 2605 ............................................................................................ passim

12 U.S.C. § 2605(e) ................................................................................................ 15

12 U.S.C. § 2605(e)(1)(B) .................................................................................. 8, 9

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

iv

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

12 U.S.C. § 2605(f)(1)(A) ........................................................................... 8, 15

12 U.S.C. § 2607 ........................................................................................ 2, 8, 16

12 U.S.C. § 2607(b) ..................................................................................... 14, 15

12 U.S.C. § 2614 ............................................................................................... 8

15 U.S.C. § 1601 .............................................................................................. 22

15 U.S.C. § 1611 .......................................................................................... 3, 24

15 U.S.C. § 1640(e) ......................................................................................... 23

15 U.S.C. § 1692g ............................................................................................ 21

15 U.S.C. § 1692k(d) ....................................................................................... 21

15 U.S.C. § 601 ............................................................................................... 24

15 U.S.C. § 809 ................................................................................................. 8

Business and Professions Code § 17200 ................................................... passim

Business and Professions Code § 17208 ........................................................ 19

California Business and Professions Code § 17500 ......................................... 18

Civil Code § 1572 ........................................................................................ 2, 21

Civil Code § 1788.17 ................................................................................... 3, 20

Civil Code § 2923.5 ................................................................................... 11, 19

Civil Code § 2923.6 .............................................................................. 3, 19, 20

Civil Code § 2924a(1) ..................................................................................... 14

Civil Code § 2932.5 ......................................................................................... 13

Civil Code § 2934 ............................................................................................ 13

Civil Code § 3399 ...................................................................................... 16, 17

Civil Code §§ 2924 – 2924*l* ............................................................................ 13

Code of Civil Procedure § 1060 ........................................................................ 6

Code of Civil Procedure § 761.020 ................................................................. 17

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

Commercial Code § 3301 ............................................................................. 11, 14

**Rules**

FRCP 12(b)(6) ............................................................................... 1, 4, 5

FRCP 9(b) ...................................................................................... 10

MEMORANDUM OF POINTS AND AUTHORITIES

2045208.3

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants U.S. Bank, National Association, Successor in interest to the Federal Deposit Insurance Corporation as Receiver for Pomona First Federal[2] ("U.S. Bank") and FCI Lender Services, Inc. (collectively "Defendants"), respectfully submit this Memorandum of Points and Authorities in support of their Motion to Dismiss the Complaint of plaintiffs Operation Take Back America, Inc. ("OPTBA")[3] and Karen Ziccardi ("Plaintiff-Borrower") (collectively "Plaintiffs") pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted.

## I.     SUMMARY OF ARGUMENT

In this lawsuit, Plaintiffs attempt to set aside a validly conducted foreclosure sale of real property that was formerly owned by Plaintiff-Borrower.  None of Plaintiffs' claims, however, have any merit, and the Complaint should be dismissed in its entirety.

On or about April 8, 2005, Plaintiff-Borrower obtained a loan in the amount of $ 354,200.00 ("Subject Loan") from PFF Bank & Trust ("PFF").  The Subject Loan was secured by a deed of trust ("DOT") concerning certain real property commonly known as 5337 Carfax Avenue, Lakewood, California 90713 ("Subject Property") that named PFF as beneficiary.  Thereafter, Plaintiff-Borrower defaulted on the Subject Loan, and a Notice of Default and Election to Sell Under Deed of Trust and a Notice of Trustee's Sale were recorded with the Los Angeles County Recorder.  Plaintiff-Borrower failed to

---

[2]     On November 21, 2008 the Office of Thrift Supervision closed PFF Bank & Trust, which was also known as Pomona First Federal Bank &Trust ("PFF") and the Federal Deposit Insurance Corporation (the "FDIC") was appointed receiver for PFF. Concurrent with the receiver appointment, U.S. Bank acquired the mortgage loan at issue in this case from the FDIC as receiver for PFF.

[3]     Plaintiff Operation Take Back America, Inc is neither a borrower under the Subject Loan nor an owner of title to the Subject Property.  Instead, Plaintiff-Borrower executed Short Form Deed of Trust and Assignment of Rents on or about March 5, 2010 (the "2010 DOT") naming Nana Baidoobonso-Iam ("Nana") individually as beneficiary.  OPTBA is not named as a beneficiary under the 2010 DOT.  In addition, the 2010 DOT was recorded several months after the Subject Property had been sold at U.S. Bank's foreclosure sale.  In addition, the 2010 DOT was conveniently recorded just days prior to the filing of the instant action on March 10, 2010.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

1  cure her default under the Subject Loan and a Trustee's Sale of the Subject Property

2  went forward on January 22, 2010.  Defendant U.S. Bank, Successor in interest to the

3  Federal Deposit Insurance Corporation as receiver for PFF ("U.S. Bank"), acquired

4  record title to the Subject Property pursuant a Trustee's Deed Upon Sale.

5  Although Plaintiffs allege fourteen separate claims against Defendants in their

6  Complaint, they fail to state facts sufficient to constitute a single valid claim for relief.

7  Plaintiffs' first claim for declaratory relief fails because Plaintiffs have not alleged

8  sufficient facts to establish the validity of a single underlying claim that can support

9  the judicial declaration they seek.

10  Plaintiffs' second claim for fraud, fourth claim for reformation, and ninth claim

11  for violation of California Civil Code Section 1572 are also based on fraud theories.

12  Nonetheless, Plaintiffs fail to allege the required specificity of facts in support of their

13  fraud based claims.  Plaintiffs fail to plead the basic elements necessary to constitute

14  actionable for fraud, namely the "who, what or how" concerning the alleged

15  fraudulent conduct of corporate defendants.  As such, Plaintiffs' second, fourth and

16  ninth claims fail for lack of specificity.

17  Plaintiffs' third and twelfth claim for violation of RESPA Sections 2605 and

18  2607 are both time barred.  Additionally, both claims are plead in conclusory fashion

19  and Plaintiffs fail to allege pecuniary loss.

20  Plaintiffs' fifth claim for quiet title also fails because Plaintiffs have neither pled

21  each of the required elements to quiet title, nor are they capable of doing so.

22  Plaintiffs' ownership in the Subject Property was extinguished pursuant to the

23  Trustee's Deed Upon Sale and Plaintiffs have failed to plead a good faith tender of the

24  entire amount of indebtedness owed, which is a prerequisite for establishing the

25  validity of a quiet title claim.  Moreover, Plaintiffs' quiet title claim is founded upon

26  fraud allegations that are insufficiently plead without the required factual specificity.

27  Plaintiffs' sixth cause of action for alleged violation of California Business and

28  Professions Code Section 17200 fails because Plaintiffs only plead damages in five

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

short paragraphs in conclusory fashion.  Damages are not available under law for alleged violation of California Business and Professions Code Section 17200.

Plaintiffs' seventh claim based on breach of California Civil Code Section 2923.6 fails because the statute does not apply to Plaintiffs' claims and, moreover, there is no private right of action available for alleged violation of that statute.

Plaintiffs' rely on alleged violation of California Civil Code Section 1788.17 in support of their eighth claim but this claim lacks merit because the activity of foreclosing upon a property does not constitute the collection of a debt within the meaning of the Fair Debt Collection Practices Act ("FDCPA").  Therefore the statute is inapplicable to Plaintiffs' claim.

Plaintiffs' tenth claim for injunctive relief also fails because injunctive relief is not a cause of action and, moreover, it is unsupported by any of the underlying claims for relief, and is nonetheless moot, as this Court may not enjoin a trustee's sale that has already occurred.

Plaintiffs' eleventh claim based on alleged violations on Truth in Lending Act ("TILA") simply duplicates specious arguments that Defendants' lack standing to commence foreclosure proceedings.  Plaintiffs' standing argument is easily discredited and, moreover, TILA only applies to conduct that occurred in connection with origination of a loan and is not applicable to the alleged foreclosure activity described in the Complaint.   Plaintiffs TILA claim is also barred because the claim was not brought within one year of origination of the Loan as required under TILA. Therefore, Plaintiffs' TILA claim fails for multiple substantive and procedural reasons.

Plaintiffs' thirteenth claim is completely unintelligible.  Plaintiffs' simply cite to the U.S. Code section governing general accepted accounting principles (GAPP) that are enforced by the Attorney General, but the statute gives no private right of enforcement to Plaintiffs and has no discernible relevance to Plaintiffs' claims.

Finally, Plaintiffs' fourteenth claim for alleged violations of 15 U.S.C. Section 1611 is unintelligible so Defendants cannot adequately respond.  Plaintiffs' cite to

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

1  several U.S. Code Sections and allege little to no facts after each statutory citation.

2  The allegations are vague, ambiguous, and conclusory and do not support any

3  recognizable claim for relief.

4      For the reasons stated above and below, Defendants' Motion to Dismiss the

5  Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted

6  without leave to amend as to all claims for relief.

7  **II.   RELEVANT FACTS**

8      The following are relevant facts that are alleged in the Complaint or which this

9  Court may take judicial notice. [4]

10     Plaintiff-Borrower, Karen Ziccardi, obtained the Subject Loan from PFF as

11 Lender and Pomona Financial Service, Inc. as Trustee on or about April 8, 2005.

12 (*See*, Defendants' accompanying Request for Judicial Notice ("RJN"), Exhibit 1.)  The

13 Subject Loan was secured by the DOT, which was recorded with the Los Angeles

14 County Recorder on or about April 8, 2005, as instrument number 05 0815545.  (*Id.*)

15     Thereafter, Plaintiff-Borrower defaulted on the Subject Loan, and a Notice of

16 Default and Election to Sell Under Deed of Trust ("NOD") was recorded with the Los

17 Angeles County Recorder on or about September 25, 2009, as instrument number

18 20091462249.  (*Id.*, Exhibit 2.)  The amount in arrears on the Subject Loan under the

19 DOT as of September 25, 2009 was $12,206.68.  (*Id.*)

20     On or about December 29, 2009, a Notice of Trustee's Sale ("NOTS") was

21 recorded with the Los Angeles County Recorder, as instrument number 20091974657.

22 (*Id.*, Exhibit 3.)  The Trustee's Sale went forward pursuant to the NOTS on January 22,

23 2010, and a Trustee's Deed Upon Sale was recorded with the Los Angeles County

24 Recorder on or about January 26, 2010, as instrument number 20100107530.  (*Id.*,

25

26     [4]   On a motion to dismiss, a court may take judicial notice of matters of public
27 record in accordance with Federal Rule of Evidence 201 without converting the motion
   to dismiss to a motion for summary judgment.  *Lee v. City of Los Angeles*, 250 F.3d
28 668, 688-689 (9th Cir. 2001), *citing Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d
   1279, 1282 (9th Cir. 1986).

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

2045208.3

Exhibit 4.)  The Trustee's Deed Upon Sale indicates that U.S. Bank, as Successor in interest to the FDIC as receiver for Pomona First Federal, took record title to the Subject Property.[5]  (*Id.*)

## III.   STANDARD FOR A MOTION TO DISMISS.

A motion to dismiss under FRCP Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009).  Thus, while the Court must accept all well-pleaded factual allegations as true, "[t]hread-bare recitals of the element of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, *quoting Twombly*, 550 U.S. at 555.  And assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, plaintiffs' obligation to provide the grounds of their entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Twombly*, 127 S.Ct. at 1959.  Here, all of Plaintiffs' claims fail to meet even this minimal standard.

## IV.   PLAINTIFFS HAVE NOT DEMONSTRATED THAT THEY HAVE A SINGLE VIABLE CLAIM AGAINST U.S. BANK.

### A.   Plaintiffs Do Not, and Cannot, Plead Facts Showing They Are Entitled to the Declaratory Relief They Seek

Plaintiffs seek a declaration that "a determination of Defendants rights, obligations and duties, and a declaration as to who owns Plaintiffs' Subject Property."

---

[5]   On November 21, 2008, U.S. Bank acquired certain assets and liabilities from the Federal Deposit Insurance Corporation acting as receiver, including Pomona First Federal's interest in the Subject Loan, pursuant to the Purchase and Assumption Agreement between the FDIC and U.S. Bank dated November 21, 2008.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

1   (Complaint], ¶ 25.)  Plaintiffs' first claim for declaratory relief fails because there is no

2   basis for the judicial declaration Plaintiffs seek.

3        California Code of Civil Procedure § 1060 sets forth the requirements for

4   declaratory relief and states in relevant part:

> Any person interested under a written instrument, excluding a
> will or a trust, or under a contract, or who desires a declaration
> of his or her rights or duties with respect to another, …, may, in
> cases of ***actual controversy relating to the legal rights and***
> ***duties of the respective parties***, bring an original action or
> cross-complaint in the superior court for a declaration of his or
> her rights and duties in the premises…  (Emphasis added).

9        The court can refuse to issue a judicial declaration in a case in which a judicial

10  determination or declaration is not necessary or proper.  *Id*. at 1061.  "[D]eclaratory

11  relief being an equitable proceeding the trial court can in its discretion grant that relief

12  in order to liquidate uncertainties and controversies which might result in future

13  litigation."  *Bess v. Park*, 132 Cal.App.2d 49, 53 (1955).  Thus, it is axiomatic that a

14  cause of action for declaratory relief serves the purpose of adjudicating *future* rights and

15  liabilities between parties.  *See Cardellini v. Casey*, 181 Cal.App.3d 389 (1986)

16  (emphasis added).

17       In pleading a claim for declaratory relief, the plaintiff must specifically allege (1)

18  whatever "rights or duties" the parties have with respect to the property and (2) the

19  existence of an actual and present controversy.  General statements about a controversy

20  are unavailing.  *Alturas v. Gloster*, 16 Cal.2d 46, 48 (1940).  An actual controversy

21  involving justiciable questions relating to the rights or obligations of a party must exist.

22  *See Tiburon v. Northwestern Pacific Railroad Co*., 4 Cal. App. 3d 160, 170 (1970).

23  Furthermore, when a declaratory relief cause of action is totally derivative of an alleged

24  statutory violation, the Court should dismiss the declaratory relief cause of action if it

25  determines that no statutory violation has occurred. As *Ball v. FleetBoston Financial*

26  *Corp.*, 164 Cal.App.4th 794, 800 (2008), held:

> Fatal to Ball's claim for declaratory relief is our conclusion,
> *ante*, regarding Ball's CLRA claim. **Where a trial court has**
> **concluded the plaintiff did not state sufficient facts to**
> **support a statutory claim and therefore sustained a**

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

6

**demurrer as to that claim, a demurrer is also properly sustained as to a claim for declaratory relief which is "wholly derivative" of the statutory claim.** (*Ochs v. PacifiCare of California* (2004) 115 Cal.App.4th 782, 794, 9 Cal.Rptr.3d 734.)

(Emphasis added.)

Here, Plaintiffs fail to allege any facts showing how they are entitled to declaratory relief as to Defendants for any future rights. Each of Plaintiffs' predicate claims fails to state a valid basis upon which the Subject Loan or the trustee's sale may be deemed void or invalid. Plaintiffs base their declaratory relief claim on three main allegations: (1) alleged failure to agree with Plaintiff-Borrower on a loan modification; (2) RESPA violations for failure to respond to qualified written requests; and (3) alleged lack of standing to proceed with foreclosure of the Subject Property. All three claims fail.

In support of the Declaratory Relief claim, Plaintiffs first allege that Defendants offered Plaintiff-Borrower a possible "loan modification workout" and that Plaintiff-Borrower pleaded for lender help to arrange a workout but "lender turned death ear and took her property to sale." (Docket No. 1 [Complaint], ¶¶ 11, 24.) However, there is no law or statute that required Defendants to agree to a loan modification with Plaintiff-Borrower. Plaintiffs' own pleading indicates that no loan modification was ever agreed to or materialized so no valid claim exists for declaratory relief under the facts pled.

Second, Plaintiffs allege a RESPA violation for Defendants failure to respond to qualified written requests.[6] Plaintiffs' RESPA claims fails because (1) no pecuniary

///

///

///

---

[6]   Specifically, Plaintiffs' allege "[o]n or about September 28, 2009, Plaintiffs served by letter on Defendants PFF BANK & TRUST AND FCI LENDER SERVICE, INC. Notice of Dispute & Request for Accounting. Notice Pursuant to R.E.S.P.A.; Qualified Written Request. In violation of [RESPA], said defendants have failed to respond to said notice . . ." (Docket No. 1 [Complaint], ¶¶ 19, 24, 220).

MEMORANDUM OF POINTS AND AUTHORITIES

2045208.3

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

1  loss is alleged; (2) the claim is time barred, and (3) the alleged QWR was not in

2  proper form.[7]

3        Alleging a breach of RESPA duties alone does not state a claim under RESPA.

4  A plaintiff must, at a minimum, <u>also allege that the breach resulted in actual damages</u>.

5  *See* 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be

6  liable to the borrower ... [for] any actual damages to the borrower as a result of the

7  failure."); *Cortez v. Keystone Bank,* F. Supp. 2d, 2000 WL 536666, No. 98-2457 (E.D.

8  PA. May 2, 2000) (a claimant under 12 U.S.C. § 2605 <u>must allege a pecuniary loss</u>

9  <u>attributable to the alleged violation</u>); *Hutchinson v. Delaware Sav. Bank FSB,* 410

10  F.Supp.2d 374, 383 (D.N.J. 2006).  Conspicuously absent from the Complaint is any

11  allegation Plaintiffs' suffered pecuniary loss.  For this reason alone, Plaintiffs' RESPA

12  claim here fails.

13        Second, violations of this section of RESPA have a three year statute of

14  limitation provision.  *See,* 12 U.S.C. § 2614.  The Subject Loan was executed and made

15  almost five years ago, well over the three year time period allowed under RESPA §

16  2605 to bring a claim.  Therefore, Plaintiffs' RESPA § 2605 claim is time barred under

17  the three year statute of limitations.

18        Finally, the alleged QWR submitted by Plaintiff-Borrower is not in proper form

19  and fails to even state that it is a QWR.  Rather, Plaintiff-Borrower refers to the

20  document as a "Validation of Debt" and Plaintiffs cite specifically to the Fair Debt

21  Collections Practices Act (15 USC 809).  [*See*, Exhibit B attached to the Complaint.]

22        RESPA section 2605(e)(1)(B), states in relevant part:

23        "For purposes of this subsection, a **qualified written request**
24        shall be a written correspondence, other than notice on a
      payment coupon or other payment medium supplied by the
25        servicer, that (i) includes, or otherwise enables the servicer to
      identify, the name and account of the borrower; and (ii)
26        <u>includes a statement of the reasons for the belief of the</u>

27      [7]  In addition, Plaintiffs allege that Defendants breached Section 2607 of RESPA
28  but that section applies to kickbacks and splitting charges not to demands for qualified
written requests ("QWR").  QWR are found in RESPA section 2605(e).

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

8

2045208.3

1    <u>borrower, to the extent applicable, that the account is in error or</u>
2    <u>provides sufficient detail to the servicer regarding other</u>
     <u>information sought by the borrower."</u>

3    Nowhere in the document does Plaintiff-Borrower announce that the "Validation

4    of Debt" letter was intended to be a QWR.  Therefore, Defendants had no reason to

5    know the "Validation of Debt" was intended to be a QWR.  Plaintiff-Borrower's

6    purported QWR request did not include a statement of reasons for her belief that the

7    account was in error.  Accordingly, Defendants did not receive correspondence that

8    constitutes a QWR and thus has no obligation under section 2605(e)(1)(B) to respond to

9    such a request.

10   For the foregoing reasons, the claim for violation of RESPA in Plaintiffs'

11   twelfth claim must be dismissed.

12   **B.    <u>A Foreclosing Beneficiary under a Deed of Trust is Not Required to</u>**

13   **<u>have Possession of the Original Promissory Note</u>**

14   Next, Plaintiffs argue that Defendants did not properly foreclose on the Subject

15   Property because they "do[] not hold a legal interest in said loan . . . none . . . have the

16   original note to prove that they are in fact the party authorized to conduct the

17   foreclosure of January 22, 2010." (Docket No. 1 [Complaint], ¶¶ 12, 13, 24).

18   Plaintiffs' claim fails because the possession of the original note is not required to

19   commence or conduct foreclosure proceedings.  A party is not required to be the

20   "holder of the note" to initiate foreclosure proceedings when the borrower defaults on

21   his or her loan. *See Nool v. Home Servicing*, 653 F. Supp.2d 1047, 1053 (E.D. Cal.

22   2009) (holding "There is no requirement that the party initiating foreclosure be in

23   possession of the original note.")  Exhibits 1, 5 to the RJN demonstrate that U.S. Bank

24   was the beneficiary under the DOT and entitled to commence foreclosure proceedings

25   upon Plaintiff-Borrower's default on the Subject Loan.

26   In sum, there is no controversy as to a future relationship between the parties

27   which provides this Court with a basis upon which to issue Plaintiffs' requested

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

9

2045208.3

1   declaratory relief.  Consequently, Plaintiffs' first claim for declaratory relief fails, and

2   Defendants' motion to dismiss must be granted without leave to amend.

3       **C.**    <u>**Plaintiffs' Second Claim for Fraud Fails to Allege the Required**</u>

4           <u>**Factual Specificity**</u>

5       Plaintiffs' fraud claim is based on allegations that Plaintiffs were fraudulently

6   induced into the Subject Loan through misrepresentations and were verbally promised a

7   loan modification.  (Docket No. 1 [Complaint], ¶¶ 29, 30, 31).  However, Plaintiffs

8   have failed to comply with the pleading requirements for an actionable fraud claim.  To

9   fulfill these requirements, the complaint must state: 1) a false representation of a

10   material fact, 2) knowledge of the falsity (scienter), 3) intent to induce another into

11   relying on the representation, 4) reliance on the representation, and 5) resulting damage.

12   *Ach v. Finkelstein*, 264 Cal.App.2d 667, 674 (1968) (emphasis added).  Further, these

13   elements must be pleaded specifically and not generally.  *See* Fed. R. Civ. P. 9(b); *see*

14   *also Slack v. Fair Isaac Corp.*, 390 F.Supp.2d 906, 912 (N.D. Cal. 2005).

15       Indeed, all of the averments for such a cause of action must be pled "with a high

16   degree of meticulousness" to meet the heightened pleading standard of Federal Rule of

17   Civil Procedure 9(b).  *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022–1023 (9th Cir.

18   2000).  Those allegations which fail to meet such pleading standards will be

19   disregarded, and the remaining allegations evaluated to determine whether a valid claim

20   has been stated.  *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).

21   Additionally, conclusory allegations without a factual description of the underlying

22   conduct will not satisfy the requirements for pleading fraud with particularity and may

23   warrant dismissal.  *In re Barr*, 188 B.R. 565, 570 (Bkrtcy. N.D.Ill., 1995), *citing Veal v.*

24   *First Am. Sav. Bank,* 914 F.2d 909, 913 (7th Cir.1990).

25       Although the courts require brevity, it is not enough simply to allege that a wrong

26   has been committed and demand relief; rather, allegations must be "specific enough to

27   give defendants notice of the particular misconduct which is alleged to constitute the

28   fraud... so that they can defend against the charge and not just deny that they have done

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES

2045208.3

anything wrong."  *Semegen v. Weidner*, 780 F2d 727, 731 (9th Cir. 1985); *Vess*, 317 F.3d at 1106; *see also Conley v. Gibson*, 355 U.S. 41, 47-48 (1957).

More specifically, the particularity requirement for fraud mandates pleading facts that "show how, when, where, to whom, and by what means the representations were tendered."  *Hill Trans. Co. v. Southwest Forest Industries Inc*., 266 Cal.App.2d 702, 707 (1968).  "By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate."  *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999); *see also Williams v. WMX Technologies, Inc.,* 112 F.3d 175, 178 (5th Cir. 1997) ("the who, what, when, and where must be laid out before access to the discovery process is granted.")  In addition, to assert a fraud action against a corporation, a plaintiff must also allege <u>the names of the person or persons who</u> allegedly made the fraudulent representation, <u>their authority to speak</u>, to whom they spoke, what they said or wrote, and when it was said or written.  *Ackerman*, 172 F.3d at 471.

Plaintiffs' fraud claim is unintelligible.  Plaintiffs first plead a fraud claim in pages 7-22 of their Complaint which includes subheadings alleging Defendants lack standing to conduct a non-judicial foreclosure pursuant to California Civil Code § 2923.5 and Commercial Code § 3301 (Docket No. 1 [Complaint], ¶¶ 26-117), then later state a separate second cause of action for fraud in their Complaint at pages 24 to 29 (*Id.* at ¶¶124 to 149.)  In both sections, Plaintiffs make conclusory allegations that fail to contain the necessary facts regarding the who, the what and where of the alleged fraudulent conduct.  For example, Plaintiffs' allege:  "Defendant verbally promised a modification and, subsequently Rejected said offer after Plaintiff fully complied with Defendant PFF BANK & TRUST requests for financial information";  (*Id.* at ¶ 29) "representations of Defendants . . . that the loan was the best they could obtain for her, and that the loan was well within Plaintiff's financial needs and

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

limitations";  (Docket No. 1 [Complaint], ¶ 31); "Defendant verbally promised a modification" (*Id.* at ¶ 36); and "PFF BANK & TRUST represented that said employees and/or agents could work-around the fact that Plaintiffs' credit was not in good standing and could get Plaintiffs approved for the loan." (*Id.* at ¶¶ 26-76).

The foregoing allegations fail to plead basic details such as which Defendant engaged in the alleged activity and what specifically what was said or promised.  Even where a particular defendant is identified, Plaintiffs still fail to identify the name of the employee and what specific promises or misrepresentations were made.  Plaintiffs' utter failure to allege the requisite factual details is fatal to Plaintiffs' fraud claims.

The conclusory allegations in the later portion of the fraud Complaint also fail. Plaintiffs allege duplicative and new fraud allegations, including, but not limited to: "representatives, agents and/or employees of Defendant, and each of them, made false representations to Plaintiffs in order to fund a loan"; "Defendants . . . represent[ed] to Plaintiffs that Defendants . . . were working for the benefit of Plaintiff."   For the same reason the fraud claims above fail these claims also fail.  They lack the required details necessary to allow Defendants to adequately respond.  (*Id.* at ¶¶ 124 to 149).

Similarly, Plaintiffs' fourth claim for reformation based on fraud alleges that "PFF BANK & TRUST, employees and/or agents intentionally misrepresented to Plaintiffs that PFF BANK & TRUST would only make a loan that Plaintiffs could afford to pay," and that "loan documents which were executed did not truly express the intention of Plaintiffs."  (*See id.* at ¶¶ 159, 160.)  Again, Plaintiffs fail to allege who at PFF made these representations or their authority to speak on behalf of U.S. Bank or PFF.

Next, in their fraud claim, Plaintiffs include an entire section on allegations that "defendants are not holder of the note since plaintiff was duped into an improper loan and there was no effective endorsement."  (*Id.* at p. 18 Section B).  However, the allegations alleged are conclusory, (*Id.* at ¶¶ 80, 83, 84, 88).  The allegations again fail

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES

2045208.3

to plead the required who, when, and how required for Defendants to properly respond to such fraud allegations and should therefore be dismissed.

Finally, Plaintiffs also include an entire section in their fraud cause of action to argue that Defendants' lack standing to conduct a non-judicial foreclosure pursuant to California Civil Code § 2932.5.  (Docket No. 1 [Complaint], p. 19 Section C). Plaintiffs allege that Defendants are strangers to the transaction and have no authority to go forward with the foreclosure and Trustee's Sale.  (*Id.* at ¶ 93).  These allegations fail for the same reasons as outlined in Section IV(A)(2).

Additionally, contrary to Plaintiffs' contentions, any assignment of a deed of trust **may be recorded** but it is not required to provide constructive notice of the contents of the deed of trust.  *See* California Civil Code § 2934 and *Santens v. Los Angeles Finance Co.* 91 Cal. App.2d 197, 201-202 (1949):

> Defendant argues that since the assignment of the note and trust deed to Graham was not recorded that defendant was a bona fide purchaser at the execution sale and is not bound by the assignment. He relies on the provision of section 2934 of the Civil Code that 'any assignment of the beneficial interest under a deed of trust may be recorded, and from the time the same is filed for record operates as constructive notice of the contents thereof to all persons.' **We see nothing in the wording of the section which would operate to defeat the title to Graham of the note and trust deed as the transfer of the note carried with it the security and the trust deed is a mere incident of the debt and could only be foreclosed by the owner of the note.**

(Emphasis added.)  *See also Adler v. Newman*, 109 Cal. 42 (1895) (In a case where neither the note or deed of trust had been recorded by the true assignee, California Supreme Court held that a mortgage, being a mere incident to the debt, belongs to the holder of the collateral note, and can be foreclosed only by him.)

The legal framework governing nonjudicial foreclosures or trustee's sales is found in California Civil Code Sections 2924 – 2924*l*, which is "the comprehensive statutory framework established to govern nonjudicial foreclosure sales" and "is intended to be exhaustive." *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994); *see also*

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

13

2045208.3

*Homestead Sav. v. Darmiento*, 230 Cal. App. 3d 424, 432-433 (1991).  That statutory scheme specifically provides that the foreclosure process may be conducted by the "trustee, mortgagee or **beneficiary or any of their authorized agents**" and a person authorized to record the notice of default or the notice of sale includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee."  Cal. Civ. Code § 2924a(1), (4) (emphasis added); *see also Moeller*, 25 Cal. App. 4th at 830 ("Upon default by the trustor, the **beneficiary** may declare a default and proceed with a nonjudicial foreclosure sale." (Emphasis added)).

The title documents including the DOT, the NOD and the NOTS all demonstrate that Defendants were entitled to commence, conduct and complete foreclosure proceedings.  (*See* RJN Exhibits 1, 2, 3, 5).

Finally, Plaintiffs' devote another section in their fraud claim to argue that Defendants' lack standing to enforce foreclosure pursuant to California Commercial Code § 3301.  (Docket No. 1 [Complaint], p. 20 Section D).  However, California Commercial Code § 3301 provides that the beneficiary may enforce the provisions of the deed of trust.  Exhibits 1, 5 demonstrate that U.S. Bank was the beneficiary entitled to commence foreclosure proceedings upon Plaintiff-Borrowers default on the Subject Loan.

Accordingly, Plaintiffs' second claim for fraud, fifth claim for quiet title based on false representations, and fourth claim for rescission of the Subject Loan based on Defendants' alleged fraud fail, and Defendants' motion to dismiss must be granted without leave to amend.

**D.** **Plaintiffs' Third and Twelfth Claims for Relief for Violation of RESPA 12 USC § 2607(b) and RESPA 12 U.S.C. § 2605, Respectively, Fail to Contain Facts Showing Actual Damages And They are Time Barred**

Plaintiffs' third claim for alleged violation of RESPA Section 2607(b) fails. Plaintiffs merely cite to Congressional findings and purpose regarding 12 U.S.C.  §2601

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

and then allege in conclusory fashion that "Defendant, and each of them . . . violated both the terms and spirit of 12 U.S.C. Section 2601, etc. et seq., as more particularly alleged in paragraphs." (Docket No. 1 [Complaint], ¶ 152). This allegation is insufficiently plead to support a claim for RESPA because it is conclusory and fails to include any details to allow Defendants to respond. Alleging a breach of RESPA duties alone does not state a claim under RESPA. Furthermore, there is no private right of action for violations of RESPA Sections 2601. *See,* 12 U.S.C. § 2614.

Plaintiffs then allege "that the failure to respond to plaintiffs R.E.S.P.A. constitute a violation of 12 USC 2607(b)." (*Id.* at ¶ 155) This allegation again is vague and ambiguous as to what constitutes Plaintiffs' "R.E.S.P.A.". In addition, Section 2607(b) pertains to the prohibition against splitting charges, which is not tethered to any allegation in the Complaint.

Even if Plaintiffs were referring to an alleged violation of Section 2605(e), as duplicated in Plaintiff's twelfth claim pertaining to qualified written requests, the claim still fails because Plaintiffs fail to allege pecuniary loss.[8] A plaintiff must, at a minimum, also allege that the breach resulted in actual damages. (*See* 12 U.S.C. § 2605(f)(1)(A), "Whoever fails to comply with this section shall be liable to the borrower ... [for] any actual damages to the borrower as a result of the failure."), (a claimant under 12 U.S.C. § 2605 must allege a pecuniary loss attributable to the alleged violation); *Hutchinson v. Delaware Sav. Bank FSB,* 410 F.Supp.2d 374, 383 (D.N.J. 2006).)

Here, however, Plaintiffs do not properly plead any actual damages. In their third claim for relief, Plaintiffs' vaguely allege that RESPA violations caused Plaintiffs to suffer "damages actually and proximately caused by Defendants' violation of the within statute in an amount the totality of which has not yet been full ascertained . . ." (*Id.* at ¶ 157). There are insufficient facts pled to show damages and mere formulaic recitations

---

[8]   Plaintiffs' claim that it submitted a QWR also fails for the reasons listed in section (IV)(A).

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

as alleged above do not suffice.  In their twelfth claim for relief, Plaintiffs do not even attempt to allege damages, which renders the claim defective.

In addition, even if the RESPA claims were otherwise properly pled—and they are not—the claims under RESPA are time-barred.

More specifically, Section 2614, of Title 12, United States Code, states:

> Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought … within *3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608* of this title from the date of the occurrence of the violation, except that actions brought by the Secretary, the Attorney General of any State, or the insurance commissioner of any State may be brought within 3 years from the date of the occurrence of the violation.

(*See,* 12 U.S.C. § 2614, emphasis added.)

Thus, any action for a violation of §2605 must be brought within 3 years of the alleged violation and any violation of § 2607 must be brought within 1 year.  In this case, the Subject Loan was made in April 2005.  (*See* RJN Exhibit 1.)  The lawsuit was filed in March 2010, almost 5 years later.  Accordingly, any claims under either sections of RESPA, are time barred.  (Docket No. 1 [Complaint], ¶ 155.)

## E.   Plaintiffs' Fourth Claim for Relief for Reformation Based on Fraud Also Fails to Allege Facts with the Required Specificity.

A party is entitled to reformation when, through *fraud or a mutual mistake* of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties.  Cal. Civ. Code § 3399.  Upon such a showing, a written contract may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith, and for value.  Cal. Civ. Code § 3399.

As previously argued above in Section B (Fraud), Plaintiffs must plead fraud allegations specifically which they fail to do here to support their reformation claim.  Plaintiffs submit conclusory allegations in an attempt to assert reformation of the Subject Loan due to fraud under Civil Code § 3399 but the allegations are insufficient.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

16

2045208.3

1   For example, Plaintiffs allege, "PFF BANK & TRUST, employees and/or agents

2   intentionally misrepresented to Plaintiffs that PFF BANK & TRUST would only make

3   a loan that Plaintiffs could afford to pay."  (Docket No. 1 [Complaint], ¶ 159).

4   However, Plaintiffs' claim is woefully deficient as "[t]hread-bare recitals of the element

5   of a cause of action, supported by mere conclusory statements, (which) do not suffice."

6   *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009), *quoting Twombly,* 550 U.S. at 555.

7   Accordingly, Plaintiffs fail to establish fraud or mistake that may otherwise give rise to

8   reformation of the Subject Loan under Civil Code § 3399.  Accordingly, Plaintiffs have

9   no basis for reformation, and their fourth claim should be dismissed as a result.

10           **F.      Plaintiffs Fail to, and Cannot, State a Viable Claim for Quiet Title**

11           To successfully allege a cause of action for quiet title, the Complaint must be

12   verified and allege:  (1) a legal description of the property and its street address or

13   common designation; (2) the title of the plaintiff and the basis of the title; (3) the

14   adverse claims to the title of the plaintiff; (4) the date as of which the determination is

15   sought; and (5) a prayer for the determination of the title of the plaintiff against the

16   adverse claims.  Cal. Civ. Proc. Code § 761.020 (emphasis added).

17           Here, Plaintiffs fail to establish that either plaintiff has an interest in the title of

18   the Subject Property.  Plaintiffs' quiet title claim does not allege that either Plaintiffs are

19   the owner of the Subject Property, nor can they.  (*Id.* at ¶¶ 170-174.)  Plaintiffs merely

20   allege in their first general allegation that, "Plaintiffs are . . . residents of the County of

21   Los Angeles, State of California and the lawful owner of a parcel of Real Property

22   commonly known is: 5337 Carfax Avenue, Lakewood, Ca 90713."  (*Id.* at ¶ 1.)

23   However, pursuant to the Trustee's Deed Upon Sale, Plaintiff-Borrower's ownership

24   interest in the Subject Property was extinguished.  (*See* RJN, Exhibit 5.)  No facts are

25   alleged to support an ownership interest by OPTBA.  As such, neither plaintiff has a

26   present ownership interest in the Subject Property, and, consequently, they cannot assert

27   a claim to quiet title.  *See Hohn v. Riverside County Flood Control and Water*

28   *Conservation District*, 228 Cal.App.2d 605, 612-613 (1964).

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

17

Here, the foreclosure sale extinguished any ownership interest that Plaintiff/borrower may have had in the Subject Property.  (*See id*.)  Currently, Plaintiffs have no title to the Subject Property that may otherwise be the basis of his quiet title claim.

Plaintiffs' also base their quiet title action on conclusory allegations of fraud that are insufficient to state a claim for fraud, much less support a claim for quiet title. (Docket No. 1 [*See* Complaint], ¶ 171.)  Plaintiffs remaining allegations in support of their quiet title action merely allege more fraud allegations, "Plaintiffs allege that due to the fraud of Defendants . . . the title of the subject property has been rendered unmarketable . . ."  (*Id*. at ¶ 173.)  Such allegations are conclusory and insufficient to support a claim for quiet title because they do not demonstrate the basic elements for quiet title.

Thus, Plaintiffs cannot establish the necessary elements to their fifth claim to quiet title, and Defendants' Motion to Dismiss must be granted without leave to amend.

**G.**   **Plaintiffs' Sixth Claim For Alleged Unfair Business Practices Fails Because It Does Not Allege Unlawful or Unfair Conduct**

Plaintiffs' sixth claim for alleged unfair business practices under California Business and Professions Code §§ 17200, *et seq*., pleads only alleged damages in five short paragraphs.  (*Id*. at ¶ 175-180.)  Each allegation is conclusory and none allege conduct that is unfair or unlawful.  For example, Plaintiffs allege "Plaintiff suffered Damages As A Result of Defendants' Conduct." (*Id*. at ¶ 176.)  Plaintiffs attempt to incorporate all previous 175 paragraphs alleged in the first 35 pages of the Complaint but such pleading is insufficient and impossible for Defendants to intelligently respond. In short, Plaintiffs fails to state (1) what their unlawful business practices claim is premised on and (2) what violation(s) Defendants allegedly committed.

A defendant's liability must be based on his personal "participation in the unlawful practices" and "unbridled control" over the practices that are found to violate §§ 17200 or 17500.  *See Emry v. Visa International Service Ass'n*, 95 Cal.App.4th 952,

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

1   960 (2002).  Furthermore, to allege an unlawful business practice under § 17200,

2   Plaintiffs must allege facts to demonstrate that the practice violates the underlying law.

3   *See People v. McKale,* 25 Cal.3d 626, 635 (1979).  The facts must also be alleged with

4   reasonable particularity.  *Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619

5   (1993).

6          Plaintiffs' "kitchen sink" style of pleading is insufficient to plead facts with the

7   required reasonable particularity.  Moreover, as argued above, Plaintiffs' fail to allege

8   a single viable claim and thus any support of those insufficient allegations for

9   Plaintiffs' s sixth claim for relief under California Business and Professions Code §§

10  17200, *et seq* also fails.

11         Finally, violations under § 17200 are governed by a four year statute of

12  limitations period.  *See* § 17208.  Here, Plaintiffs' sixth cause of action is so poorly

13  pled that it is impossible to ascertain what alleged conduct and potential date such

14  conduct allegedly occurred.  Assuming *arguendo* that Plaintiffs' assert claims related

15  to the origination of the Subject Loan then the §17200 claims fail because they are

16  time barred.  Plaintiff-Borrower entered into the Subject Loan in April 2005 and she

17  filed this action alleging § 17200 claims on March 12, 2010, which is more than four

18  years after the Subject Loans were consummated.  In short, Plaintiffs' sixth cause of

19  action based on alleged §17200 violations fail and should be dismissed.

20  **H.     Plaintiffs' Seventh Claim For Breach of Civil Code § 2923.6 Lacks**

21  **Merit Because The Statute Does Not Apply to Borrowers' Claims**

22  **Like Plaintiffs' and There Is No Private Right Of Action Available**

23  **For Alleged Violation Of That Statute**

24         Contrary to Plaintiffs' allegations, Civil Code §§2923.5 and Section 2923.6, does

25  not mandate that the lender provide the borrower with a loan modification.  Rather,

26  such action is only encouraged on the part of the lender.  (Legislative Comment to §

27  2923.6.).  Further, Section 2923.6 expressly sets out duties owed by the loan service to

28  the investor or owner of the loan, not the borrower.  *Nool v. Home Servicing*, 653 F.

19

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

Supp 2d. 1047, 1052-1053 (E.D. Cal. 2009) (finding that Section 2923.6 only creates a duty between a loan servicer and a *loan pool member*, and it in no way confers standing on a *borrower* to contest a breach of that duty).

Finally, a mere allegation of a violation of a statute does not entitle a plaintiff to assert a claim against that defendant. *Vikco Ins. Services, Inc. v. Ohio Indemnity Co.*, 70 Cal.App.4th 55, 62-63 (1999).   "A statute creates a private right of action only if the enacting body so intended." *Grodensky v. Artichoke Joe's Casino,* 171 Cal.App.4th 1399, 1420 (2009) (citing *Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal.3d 287, 305 (1988).  "When the Legislature intends to create a private right of action, it will do so 'directly' and 'in clear, understandable, unmistakable terms.'" *Id.* (quoting *Vikco Ins. Services, Inc. v. Ohio Indemnity Co.*, 70 Cal.App.4th 55, 62 (1999)).

Here, Plaintiffs fail to provide any direct, clear, understandable and unmistakable legal authority for the allegation that the California Legislature in enacting Section 2923.6 authorized a private action for the alleged violation of the statute.  For this reason, no such claim exists and the motion to dismiss Plaintiffs' claim for breach of Section 2923.6 should be granted without leave to amend.

## I. Plaintiffs' Eighth Claim for Violation of California Civil Code §1788.17 Fails Because Foreclosure Upon a Property Is Not An FDCPA Debt Collection

Plaintiffs' eighth claim fails because under the FDCPA, the activity of foreclosing upon property is not a collection of a debt.  In *Heinemann v. Jim Walter Homes, Inc.*, 47 F.Supp.2d 716 (D.W.Va.1998), aff'd, 173 F.3d 850 (4th Cir.1999), the plaintiff brought an FDCPA claim over actions that had occurred during the foreclosure of their property. The court held that because "the trustees were not collecting on the debt at that time, but merely foreclosing on the property pursuant to the deed of trust, these activities do not fall within the terms of the FDCPA." *Id.* at 722.

Thus, Plaintiffs' claim based on FDCPA violations arise solely from the alleged actions undertaken by Defendants in pursuit of the <u>foreclosure of the subject property to</u>

MEMORANDUM OF POINTS AND AUTHORITIES

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

<u>enforce the deed of trust</u>.  Because the activity of foreclosing upon a property is not a collection of a debt within the meaning of the FDCPA, Plaintiffs' claim for violation of the FDCPA, which challenges the foreclosure, fails to state claims against Defendants. *See* 15 U.S.C. § 1692g; *FTC v. Check Investors, Inc.*, 502 F.3d 159, 172-74 (3d Cir. 2007) (holding that an entity that acquires debt when it is not in default is a "creditor" under the FDCPA, not a "debt collector."); *see also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.").  On this ground alone, Plaintiffs' claim should be dismissed with prejudice.

Not only have Plaintiffs not pled any facts to suggest that U.S. Bank is a debt collector within the meaning of the FDCPA, Plaintiffs cannot do so because U.S. Bank began servicing Plaintiffs' debt no later than September 2005 at a time it was not in default.  Since U.S. Bank is not a debt collector under the FDCPA, U.S. Bank was not required to comply with the terms of those statutes and therefore Plaintiffs' claims fail as a matter of law.  Accordingly, Plaintiffs' FDCPA claims should be dismissed.[9]

## J.   <u>Plaintiffs' Ninth Claim for Violations of Civil Code Section 1572 For Fraud Fail For Lack of Specificity</u>

Plaintiffs' ninth claim under California Civil Code Section 1572 (Actual Fraud) is merely duplicative of their Second Cause of Action for Fraud.  This claim fails for the same reasons as argued in Section B of this Motion to Dismiss, *infra*.

///

///

---

[9]    It is likely that Plaintiffs' claim under the FDCPA is barred by the applicable statute of limitations, which would be an <u>additional</u> reason to dismiss Plaintiffs' claim.  A cause of action under the FDCPA must be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).  Plaintiffs have not specified the dates of the alleged violation, but if they relate to the April 2005 loan, the limitations period has expired.

2045208.3

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

**K.**  **Plaintiffs' Tenth Claim for Injunctive Relief Fails to State a Basis for the Injunctive Relief They Seek, Which Request is Nonetheless Moot**

Plaintiffs' tenth claim seeks "injunctive relief . . . to enjoin Defendants from perfecting the foreclosure upon Plaintiffs' home since they lack standing and any enforceable rights under the Promissory Note."  (Docket No. 1 [Complaint], ¶ 216.)  Plaintiff's request for injunctive relief lacks merit, however, as injunctive relief is not available to enjoin a trustee's sale that has already occurred.  (*See* RJN, Exhibit 4.)

Moreover, injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted.  *See Shell Oil Co. v. Richter* 52 Cal.App.2d 164, 168 (1942); *Camp v. Board of Supervisors* 123 Cal.App.3d 334, 356 (1981).  Consequently, when the Complaint does not state sufficient facts to constitute a cause of action, the requested injunctive relief should be denied.  *See Brown v. Rea* 150 Cal. 171 (1907).  Plaintiffs' underlying claims against Defendants fail for all of the reasons above and, therefore, cannot support Plaintiffs' request for injunctive relief, as Plaintiffs cannot plead or establish likelihood of success on the merits of any of their underlying claims at trial.

Accordingly, Plaintiffs' tenth claim for injunctive relief fails, and Defendants' Motion to Dismiss must be granted without leave to amend.

**L.**  **Plaintiffs' Eleventh Claim Based on Truth in Lending Statue Fails**

Plaintiffs' eleventh claim raises issues with respect to Defendants' alleged lack of standing to bring a foreclosure action under the Truth in Lending Act, 15 USC § 1601, *et seq*. ("TILA").  First, § 1601 recites Congressional findings and declaration of purport for TILA, none of which mentions foreclosures or the application of the statute thereto.  *Id.*  Plaintiffs' conclusory allegation that Defendants have not "adhered to 15 U.S.C § 1601 Truth in Lending Laws . . . [Defendant U.S. Bank] should produce proof of ownership of said Original Note of Mortgage" (Docket No. 1 [Complaint], ¶ 217) fails to allege what section of TILA Defendants violated so Defendants cannot properly respond.  The claim is unintelligible and should be dismissed.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

Second, Plaintiffs' claim for damages under TILA is also time-barred by the one-year statute of limitations set forth in 15 U.S.C. Section § 1640(e) .  That section provides, "Any action under this section may be brought within one year from the date of the occurrence of the violation."  The one-year statutory period runs from the date of consummation of the transaction.  *See, King v. State of California,* 784 F.2d 910, 914 (9th Cir. 1986).  A transaction is "considered consummated at the time a contractual relationship is created between a creditor and a customer... irrespective of the time of performance of either party."  *Davis v. Werne*, 673 F.2d 866, 869 (5th Cir. 1982).

Plaintiff-Borrower entered into the Subject Loan in April 2005 and she filed this action alleging a TILA claim on March 12, 2010, which was more than five years after the Subject Loans were consummated.  In short, Plaintiffs' eleventh claim based on TILA fails and should be dismissed.

### M.    Plaintiffs' Thirteenth Claim Based on GAAP Is Not a Claim That May Be Brought By Plaintiffs[10]

Plaintiffs' thirteenth claim cites to 12 U.S.C. 1831n(2) then proceeds to allege that PFF engaged in fraud by failing to disclose a transaction.  First, Plaintiffs' do not allege how Defendants' violated the uniform accounting principles.  Second, the section cited by Plaintiffs' is merely a law governing accounting standards that are enforced by the Attorney General and thus Plaintiffs' lack standing to bring such a claim.  *See* 12 U.S.C. 1833(a)(e).  Third, allegations based on fraud must be plead with specificity and plaintiffs again fail to allege the basics of who, how, and when did the alleged fraudulent occur.  Plaintiffs' thirteenth claim is insufficient to state a claim for relief and therefore should be dismissed.

///

///

---

[10]   Plaintiff's Twelfth Claim for Relief fails for reasons already set forth and argued in Section (IV)(A) and (IV)(D), where Plaintiffs simply duplicated their claims for RESPA under their first claim for declaratory relief.

MEMORANDUM OF POINTS AND AUTHORITIES

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

2045208.3

**N.**     <u>**Plaintiff's Fourteenth Claim for alleged violations of 15 U.S.C. §1611**</u>
<u>**Fail**</u>

Plaintiffs' fourteenth claim is completely unintelligible. Plaintiffs dogmatically cite to various statutes, but simply offer conclusory allegations with virtually no factual support. For example "15 U.S.C. 601 – Not adhering to Truth in Lending Laws, not allowing due process/due access"; "12 U.S.C. 1831"; "CA Business and Professionals Code 17200 - PFF Bank & Trust et. al., is guilty of practicing unfair business practices and not following and adhering to California Department of Real Estate Rules and Regulations"; "15 U.S.C. 1611 – Not adhering to disclosure policies." (Docket No. 1 [Complaint], ¶ 222). Such allegations are insufficient to state a claim for violation of any of the above cited provisions.

**V.**     <u>**CONCLUSION**</u>

For all of the foregoing reasons, Defendants' respectfully requests that the Court grant its motion to dismiss Plaintiff's Complaint without leave to amend.

Respectfully submitted,

DATED: April 21, 2010       ADORNO YOSS ALVARADO & SMITH
A Professional Corporation


By:    /s/ Nanette B. Barragan
      RICK D. NAVARRETTE
      NANETTE B. BARRAGAN

Attorneys for Defendants
U.S. BANK, NATIONAL
ASSOCIATION, Successor in interest to
the Federal Deposit Insurance Corporation
as Receiver for PFF Bank & Trust,
formerly known as Pomona First Federal,
N.A. and FCI Lender Services, Inc.

2045208.3

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is ADORNO YOSS ALVARADO & SMITH, 633 W. Fifth Street, Suite 1100, Los Angeles, CA 90071.

On **April 21, 2010**, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

> OPERATION TAKE BACK AMERICA, INC
> C/O NANA BAIDOOBONSO-IAM
> Karen Ziccardi
> ***Plaintiffs in Pro Per***
> 9461 Charleville Blvd., Suite 303
> Beverly Hills, CA  90212
> Tel.    (424) 246-1577
> Fax.    (323) 920-4399

☒    **BY REGULAR MAIL:** I placed such envelope with postage thereon fully paid in the United States mail at Los Angeles, California.  I am "readily familiar" with this firm's practice of collecting and processing correspondence for mailing.  It is deposited with U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐    **BY OVERNIGHT MAIL:**  By placing the document listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express and/or Overnite Express agent for delivery.

☐    **BY PERSONAL SERVICE:**  I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒    (Federal)  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on **April 21, 2010**, at Los Angeles, California.

_____
Liliana R. Hernandez

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

PROOF OF SERVICE

2045208.3